UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

ISAIAH CHRISTOPHER,

                             Plaintiffs,

               -v-

THE CITY OF NEW YORK, SGT. KING, SGT. VIVAR
DIEGO, P.O. HARRIS HASWCOVIC, JOHN & JANE
DOE POLICE OFFICERS,

                            Defendants.

-------------------------------------------------------------------- x

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

**14 Civ. 0508 (NRB)**

**JURY TRIAL DEMANDED**

Defendant City of New York[1] ("City"), by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the plaintiff's amended complaint, respectfully alleges, upon information and belief, as follows:

      1.      Denies the allegations set forth in paragraph "1" of the amended complaint, except admits only that plaintiff purports to bring the action as stated therein and that a Sgt. King, Sgt. Vivar Diego, and P.O. Harris Haskovic were members of the NYPD on or about August 28, 2013.

      2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the amended complaint except admits that the vehicle in which plaintiff was situated in the early morning hours of August 28, 2013 was observed in the vicinity of 168th Street and University Avenue, Bronx, New York.

---

[1] Plaintiff also purports to sue a Sergeant King, Sergeant Vibar Diego, and P.O. Harris Hascovic. Upon information and belief, and based upon a review of the docket sheet, none of the individual defendants have been properly served as of the date hereof.

3.      Notwithstanding that paragraph "3" of the amended complaint fails to comply with Fed.R.Civ.P. Rule 8(d)1(1), which requires each allegation to be simple, concise and direct, defendant City denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein as they relate to the driver's state of mind and denies the remaining allegations  except admits only that, in the early morning hours of August 28, 2013,  gun shots were fired in the vicinity of 166th Street and University Avenue, Bronx, New York and the driver of the vehicle in which plaintiff was situated sped away from that location and did not obey the traffic regulations.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the amended complaint as they relate to the plaintiff's state of mind and admits only that the driver ran a red light, pulled over in the vicinity of the 168th Street and University Avenue and all of the occupants fled the vehicle by running.

5.      Notwithstanding that paragraph "5" of the complaint fails to comply with Fed.R.Civ.P. Rule 8(d)1(1), which requires each allegation to be simple, concise and direct, defendant City denies the allegations set forth in paragraph "5" of the amended complaint, except admits only that plaintiff was handcuffed pursuant to a lawful arrest.

6.      Denies the allegations set forth in paragraph "6" of the amended complaint except admits only that plaintiff was transported to the 44th Precinct and was held in custody for a period of time pursuant to a lawful arrest.

7.      Denies the allegations set forth in paragraph "7" of the amended complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the amended complaint except denies that plaintiff was injured in such a manner that required emergency medical treatment.

9.      Denies the allegations set forth in paragraph "9" of the amended complaint.

10.     Denies the allegations set forth in paragraph "10" of the amended complaint except admits only that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

11.     Denies the allegations set forth in paragraph "10" of the amended complaint except admits only that plaintiff purports to lay venue in the Southern District of New York as stated therein.

12.     Denies the allegations set forth in paragraph "12" of the amended complaint [except admits only that plaintiff served a document purporting to be a Notice of Claim upon the City of New York.

13.     Denies the allegations set forth in paragraph "13" of the amended complaint except admits only the City of New York has not settled or adjusted this action.

14.     Denies the allegations set forth in paragraph "14" of the amended complaint except admits only that plaintiff filed his complaint on or about January 28, 2014.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the amended complaint.

16.     States that the allegations set forth in paragraph "16" of the amended complaint state conclusion of laws, rather than averments of fact, to which no responses are required except admits only that a Sgt. King, Sgt. Diego, and P.O. Harris were members of the New York City Police Department ("NYPD") on or about August 28, 2013.

17.     States that the allegations set forth in paragraph "17" of the amended complaint state conclusion of laws, rather than averments of fact, to which no responses are required except admits only that defendant City is a municipal entity organized under the laws of the State of New York.

18.     States that the allegations set forth in paragraph "18" of the amended complaint state conclusion of laws, rather than averments of fact, to which no responses are required except

admits only that a Sgt. King, Sgt. Diego, and P.O. Harris were members of the NYPD on or about August 28, 2013.

19.     States that the allegations set forth in paragraph "19" of the amended complaint state conclusion of laws, rather than averments of fact, to which no responses are required except admits only that Sgt. King, Sgt. Diego, and P.O. Harris were members of the NYPD on or about August 28, 2013.

20.     In response to the allegations set forth in paragraph "20" of the amended complaint, defendant City repeats and realleges the responses set forth in paragraphs "1 through "19," inclusive of its answer, as is fully set forth herein.

21.     Denies the allegations set forth in paragraph "21" of the amended complaint.

22.     Denies the allegations set forth in paragraph "22" of the amended complaint.

23.     Denies the allegations set forth in paragraph "23" of the amended complaint except admits only that, on or about August 28, 2013, plaintiff was lawfully arrested and handcuffed pursuant to that lawful arrest.

24.     Objects to and denies the embedded assertion regarding "the foregoing" and denies the remaining the allegations set forth in paragraph "24" of the amended complaint except states that the allegations regarding defendants acting under color of state law set forth therein a conclusion of law, rather than an averment of fact, to which no response is required.

25.     Objects to and denies the embedded assertion regarding "the foregoing" and denies the remaining the allegations set forth in paragraph "25" of the amended complaint.

26.     Objects to and denies the embedded assertion regarding "the foregoing" and denies the remaining the allegations set forth in paragraph "26" of the amended complaint.

27.     In response to the allegations set forth in paragraph "27" of the amended complaint, defendant City repeats and realleges the responses set forth in paragraphs "1 through "26," inclusive of its answer, as is fully set forth herein.

28.     Denies the allegations set forth in paragraph "28" of the amended complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.     Denies the allegations set forth in paragraph "30" of the complaint.

31.     Denies the allegations set forth in paragraph "31" of the complaint.

32.     Objects to and denies the embedded assertion regarding "the foregoing" and denies the remaining the allegations set forth in paragraph "32" of the amended complaint except states that the allegations regarding defendants acting under color of state law set forth therein a conclusion of law, rather than an averment of fact, to which no response is required.

33.     Objects to and denies the embedded assertion regarding "the foregoing" and denies the remaining the allegations set forth in paragraph "33" of the amended complaint.

34.     Objects to and denies the embedded assertion regarding "the foregoing" and denies the remaining the allegations set forth in paragraph "34" of the amended complaint except admits only that plaintiff purports to seek relief as stated therein.

35.     In response to the allegations set forth in paragraph "35" of the amended complaint, defendant City repeats and realleges the responses set forth in paragraphs "1 through "34," inclusive of its answer, as is fully set forth herein.

36.     Denies the allegations set forth in paragraph "36" of the amended complaint.

37.     Objects to and denies the embedded assertion regarding "the aforementioned occurrence" and denies the remaining the allegations set forth in paragraph "37" of the amended complaint except states that the allegations regarding defendants acting under color of state law

set forth therein a conclusion of law, rather than an averment of fact, to which no response is required.

38.     Objects to and denies the embedded assertion regarding "the foregoing" and denies the remaining the allegations set forth in paragraph "38" of the amended complaint.

39.     Objects to and denies the embedded assertion regarding "the foregoing" and denies the remaining the allegations set forth in paragraph "39" of the amended complaint except admits only that plaintiff purports to seek relief as stated therein.

40.     In response to the allegations set forth in paragraph "40" of the amended complaint, defendant City repeats and realleges the responses set forth in paragraphs "1 through "39," inclusive of its answer, as is fully set forth herein.

41.     Denies the allegations set forth in paragraph "41" of the amended complaint except admits only that, on or about August 28, 2013, plaintiff was lawfully arrested and lawfully detained for a period of time pursuant to that lawful arrest.

42.     Objects to and denies the embedded assertion regarding "the foregoing" and denies the remaining the allegations set forth in paragraph "42" of the amended complaint.

43.     Objects to and denies the embedded assertion regarding "the foregoing" and denies the remaining the allegations set forth in paragraph "43" of the amended complaint.

44.     In response to the allegations set forth in paragraph "44" of the amended complaint, defendant City repeats and realleges the responses set forth in paragraphs "1 through "43," inclusive of its answer, as is fully set forth herein.

45.     Denies the allegations set forth in paragraph "45" of the amended complaint.

46.     Denies the allegations set forth in paragraph "46" of the amended complaint.

47.     Objects to and denies the embedded assertion regarding "the foregoing" and denies the remaining the allegations set forth in paragraph "47" of the amended complaint.

- 6 -

48.     Objects to and denies the embedded assertion regarding "the foregoing" and denies the remaining the allegations set forth in paragraph "48" of the amended complaint.

49.     In response to the allegations set forth in paragraph "49" of the amended complaint, defendant City repeats and realleges the responses set forth in paragraphs "1 through "48," inclusive of its answer, as is fully set forth herein.

50.     Denies the allegations set forth in paragraph "50" of the amended complaint.

51.     Objects to and denies the embedded assertion regarding "the aforementioned occurrence" and denies the remaining the allegations set forth in paragraph "51" of the amended complaint except states that the allegations regarding defendants acting under color of state law set forth therein a conclusion of law, rather than an averment of fact, to which no response is required.

52.     Objects to and denies the embedded assertion regarding "the foregoing" and denies the remaining the allegations set forth in paragraph "52" of the amended complaint.

53.     Objects to and denies the embedded assertion regarding "the foregoing" and denies the remaining the allegations set forth in paragraph "53" of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

54.     The amended complaint fails to states a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

55.     Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

56.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

57.     Plaintiff provoked any incident.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

58.     There was probable cause for plaintiff's arrest, detention, and/or prosecution.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

59.     To the extent that force was used, such force was reasonable, justified, and necessary.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

60.     Punitive damages are not recoverable against the City of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

61.     Plaintiff has not stated a viable claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

62.     Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

63.     Defendant asserts that, at all times relevant to the acts alleged in the amended complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

64.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

65.     Plaintiff has failed to mitigate his damages, if any.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                April 16, 2014

                                        Zachary W. Carter
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendant City of New York*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2418


                                        By:  _____/s_____
                                              Randall M. Elfenbein
                                              *Special Assistant Corporation Counsel*

To:     <u>BY ECF</u>

        Carmen S. Giordano, Esq.
        Giordano Law Offices
        *Attorneys for Plaintiffs*

14 Civ. 0508 (NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAIAH CHRISTOPHER,

                              Plaintiffs,

                    -v-

THE CITY OF NEW YORK, SGT. KING, SGT.
VIVAR DIEGO, P.O. HARRIS HASWCOVIC,
JOHN & JANE DOE POLICE OFFICERS,

                              Defendants.

**ANSWER TO AMENDED COMPLAINT ON
BEHALF OF DEFENDANTS CITY AND P.O.
HOLMAN**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York  10007*

*Of Counsel: Randall M. Elfenbein*
*Tel:  (212) 356-2418*

*Due and timely service is hereby Admitsted.*

*New York, N.Y.  .......................................... ,2014*

*.................................................................... Esq.*

*Attorney for .........................................................*